LIVIA M. KISER (SBN 285411)
*lkiser@kslaw.com*
**KING & SPALDING LLP**
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333

INDRA NEEL CHATTERJEE (SBN 173985)
*nchatterjee@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: +1 415 318 1200
Facsimile: +1 413 318 1300

*Attorneys for Defendants PayByPhone US Inc. and PayByPhone Technologies Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JUSTIN ALICEA, individually and on behalf of all others similarly situated,
Plaintiff,
v.
PAYBYPHONE US INC., a Delaware corporation, PAYBYPHONE TECHNOLOGIES INC., a Canadian corporation,
Defendant.

Case No. 3:26-cv-01266-WHO

**DEFENDANTS PAYBYPHONE US INC. AND PAYBYPHONE TECHNOLOGIES INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

**(FED R. CIV. P. 12(b)(1), (b)(6))**

Date: June 17, 2026
Time: 2:00 p.m.
Courtroom: 2, 17th Floor
Judge: Hon. William H. Orrick

## NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 17, 2026, at 2:00 p.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable District Judge William H. Orrick, located in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants PayByPhone US Inc. and PayByPhone Technologies Inc. (collectively, "PayByPhone") will and hereby do move for an order pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6) and Fed. R. Civ. P. 9(b). This motion is based on this notice of motion, the accompanying memorandum of points and authorities, any further briefs submitted by PayByPhone, and any oral argument permitted by the Court.

**STATEMENT OF ISSUES TO BE DECIDED PURSUANT TO CIVIL L.R. 7-4(A)(3)**

I. Whether Plaintiff's claims should be dismissed because he agreed to arbitrate his claims on an individual basis?

II. Whether Plaintiff can state a claim for fraud when a PayByPhone clearly and unambiguously discloses the exact time a purchasing session expires prior to a user choosing to pay for parking?

III. Whether Plaintiff can state a claim under California Business and Professions Code section 17200 when he has not pled a cause of action for fraud, unfair or unlawful competition?

IV. Whether Plaintiff has standing to pursue injunctive relief when the Plaintiff has not pled possible future injury?

V. Whether Plaintiff's claims for conversion, unjust enrichment and payment had and received claims are barred under PayByPhone's terms of service?

VI. Whether Plaintiff's class allegations fail to satisfy the pleading requirements of Rule 23?

/ / /

/ / /

/ / /

Dated: May 8, 2026

**KING & SPALDING LLP**

By: */s/ Livia M. Kiser*
LIVIA M. KISER
*Attorneys for Defendants PayByPhone US Inc. & PayByPhone Technologies Inc.*

## TABLE OF CONTENTS


MEMORANDUM OF POINTS AND AUTHORIES ..... 1

I. INTRODUCTION ..... 1

II. SUMMARY OF ALLEGATIONS ..... 3

A. PayByPhone's Alleged Business Practices ..... 3

B. PayByPhone's App & Website Terms and Conditions ..... 4

1. Consumers Agree to Informal Dispute Resolution & Individual Arbitration ..... 4

2. How The PBP App Actually Works & Additional, Relevant Terms ..... 4

C. Plaintiff Justin Alicea ..... 5

III. GOVERNING LEGAL STANDARDS ..... 6

A. Rule 12(b)(1) ..... 6

B. Rule 12(b)(6) ..... 7

C. Rule 9(b) ..... 8

IV. ARGUMENT ..... 8

A. Plaintiff Failed to Follow Informal Dispute Procedures and is Required to Arbitrate Individually ..... 8

B. Plaintiff's Claims Fail as a Matter of Law ..... 9

1. Screenshots in Complaint Show No Deception in PayByPhone App ..... 9

2. Plaintiff Does Not and Cannot Plausibly Plead Cognizable Injury, Nor Fraud ..... 9

3. Plaintiff's "Unfair" and "Unlawful" UCL Claims Fail with His "Fraud" Claims ..... 11

C. Additional Reasons Plaintiffs' UCL Claims Fail ..... 12

1. Plaintiff Lacks Standing to Pursue Injunctive Relief ..... 12

2. Plaintiff Does Not (and Cannot) Plead Lack of an Adequate Remedy at Law ..... 12

D. Plaintiff's Conversion, Unjust Enrichment, and Payment Had and Received Claims (Counts X-XII) are Barred by the Parties' Contract ..... 12

E. The Class Allegations and Claims Asserted Under the Laws of Other States Also Must Be Dismissed ..... 13

V. CONCLUSION ..... 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Riggers & Millwrights, LLC v. Hoist Liftruck MFG, Inc.*,
2015 WL 12860470 (C.D. Cal. Oct. 29, 2015)....13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....7

*Bautista v. Valero Mktg. & Supply Co.*,
2018 WL 11356583 (N.D. Cal. Dec. 4, 2018)....12

*Baxter v. Intelius, Inc.*,
2010 WL 3791487 (C.D. Cal. Sept. 16, 2010)....9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....7

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010)....6

*Davidson v. Apple, Inc.*,
2017 WL 976048 (N.D. Cal. Mar. 14, 2017)....14

*Davis v. HSBC Bank Nev., N.A.*,
691 F.3d 1152 (9th Cir. 2012)....11

*De Havilland v. FX Networks, LLC*,
21 Cal. App. 5th 845 (2018)....13

*Eidmann v. Walgreen Co.*,
522 F. Supp. 3d 634 (N.D. Cal. 2021)....11

*In re Flash Memory Antitrust Litig.*,
643 F. Supp. 2d 1133 (N.D. Cal. 2009)....14

*Freedline v. O Organics LLC*,
2020 WL 1643697 (N.D. Cal. Mar. 31, 2020)....13

*Gray v. Toyota Motor Sales*,
U.S.A., 2012 WL 313703 (C.D. Cal. 2012)....11

*Hawkins v. Shimano N. Am. Bicycle Inc.*,
729 F. Supp. 3d 989 (C.D. Cal. 2024)....8

*Jogani v. Superior Ct.*,
165 Cal. App. 4th 901 (2008)....13

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........................................................................8, 10

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal.4th 1134 (2003) ........................................................................12

*Lapin v. Goldman Sachs & Co.*,
254 F.R.D. 168 (S.D. N.Y. 2008) ........................................................................14

*Lavie v. Procter & Gamble Co.*,
105 Cal. App. 4th 496 (2003) ........................................................................11

*Levine v. Blue Shield of Cal.*,
189 Cal. App. 4th 1117 (2010) ........................................................................13

*May v. Google LLC*,
2024 WL 4681604 ........................................................................12

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) ........................................................................9, 11

*Naiman v. Alle Processing Corp.*,
706 F. Supp. 3d 892 (D. Ariz. 2020) ........................................................................8, 14

*In re Outlaw Lab'y, LLP*,
463 F. Supp. 3d 1068 (S.D. Cal. 2020)........................................................................10

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
96 F.3d 1151 (9th Cir. 2007) ........................................................................13

*People v. Porter*,
111 Cal. App. 5th 927 (2025) ........................................................................10

*Plotts v. Am. Honda Motor Co.*,
2023 WL 4843342 (C.D. Cal. June 9, 2023) ........................................................................12

*Rhodeman v. Ocwen Loan Servicing, LLC*,
2020 WL 4727289 (C.D. Cal. July 30, 2020)........................................................................13

*Savage v. Glendale Union High Sch.*,
343 F.3d 1036 (9th Cir. 2003) ........................................................................6

*Schmitt v. Younique LLC*,
2017 WL 10574060 (C.D. Cal. Dec. 4, 2017) ........................................................................14

*Sidhu v. Bayer Healthcare Pharmaceuticals, Inc.*,
2022 WL 17170159 (N.D. Cal. Nov. 22, 2022) ........................................................................10, 11

*Skilstaf, Inc. v. CVS Caremark Corp.*,
669 F.3d 1005 (9th Cir. 2012) ........................................................................7

*So v. HP, Inc.*,
2022 WL 16925965 (N.D. Cal. Nov. 14, 2022) ........ 8, 10, 11

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ........ 12

*Sotelo v. Rawlings Sporting Goods Co.*,
2019 WL 4392528 (C.D. Cal. May 8, 2019) ........ 13

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........ 7

*Stearns v. Select Comfort Retail Corp.*,
763 F. Supp. 2d 1128 (N.D. Cal. 2010) ........ 8, 14

*Stearns v. Ticketmaster Corp.*,
655 F.3d 1013 (9th Cir. 2011) ........ 14

*United Food & Com. Workers Loc. 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
74 F. Supp. 3d 1052 (N.D. Cal. 2014) ........ 14

*Williams v. Apple, Inc.*,
449 F. Supp. 3d 892 (N.D. Cal. 2020) ........ 12

*Williamson v. Reinalt-Thomas Corp.*,
2012 WL 1438812 (N.D. Cal. Apr. 25, 2012) ........ 10

*Wynne Sys., Inc. v. Mobile Storage Grp., Inc.*,
2010 WL 11595726 (C.D. Cal. May 5, 2010) ........ 13

*Yothers v. JFC Int'l, Inc.*,
2020 WL 5015262 (N.D. Cal. May 14, 2020) ........ 12

**Statutes**

Cal. Vehicle Code § 23123.5 apps. ........ 2, 10

California Consumer Legal Remedies Act ........ 6

California False Advertising Law ........ 6

California's Unfair Competition Law ........ 2

California Unfair Competition Law ........ 6

**Other Authorities**

202 Cal. App. 4th 1342, 1388 (2012) ........ 13

Federal Rules of Civil Procedures 9(b) ........ 8

Federal Rules of Civil Procedure 8(a) ....... 7
Federal Rules of Civil Procedure 8(a)(2) ....... 7
Federal Rules of Civil Procedure 12(b)(1) ....... 1, 6
Federal Rules of Civil Procedure 12(b)(6) ....... 7
Federal Rules of Civil Procedure 23 ....... 3, 8, 13
Feral Rules of Civil Procedure 9(b) ....... 8, 10, 14

## MEMORANDUM OF POINTS AND AUTHORIES

## I. INTRODUCTION

Defendants PayByPhone US Inc. and PayByPhone Technologies Inc. (collectively, "PayByPhone") provide a phone app (the "app" or "PBP App") to consumers that consumers use to purchase municipal parking, including in the City of San Francisco. Plaintiff claims—under twelve different theories—that this app somehow fraudulently charges customers for the seconds after they enter their duration information and before they click "pay." Aside from the surprising notion that it is deceptive to charge someone for parking time when their vehicle is—by common sense and by contract—already parked in the space for which the person is being charged, Plaintiff's claims fail as a matter of law.

As a threshold matter, the terms and conditions Plaintiff expressly agreed to when he signed up for a PayByPhone account ("Terms") require: (1) informal dispute resolution as a condition precedent to further action and then (2) binding arbitration on an individual basis if the informal dispute resolution procedure does not resolve the issue. Plaintiff's undisputed failure to utilize the informal dispute resolution procedure by itself warrants dismissal of his entire complaint, but he also agreed to arbitrate any dispute individually and not in a representative capacity. These threshold issues are the subject of PayByPhone's concurrently filed motion to compel arbitration, which the Court should resolve prior to reaching the arguments in this motion to dismiss. *See* Dkt. 23. Based on that motion alone, the complaint is properly dismissed pursuant to Rule 12(b)(1).

Even assuming *arguendo* Plaintiff had brought his claims in the proper forum (though he did not), Plaintiff's claims fail as a matter of law.

First, Plaintiff's own allegations entirely undermine his claim that PayByPhone's conduct is in any way misleading. Plaintiff puts the entire parking process in issue by (only partially) describing it in his pleading, but even based on his incomplete description of the process, it is evident after a user provides location and requested duration of the parking session, the PBP App presents a quote stating—to the minute—when the requested session "Expires," and how much it will cost. The session lasts exactly as long as requested. And no reasonable consumer could

somehow be tricked into thinking their session would last a moment longer.

Second, Plaintiff fails to disclose in his pleading that the PBP App applies to street parking, not reserved parking. The streets are divided into numbered zones (typically block by block). A consumer who is using the app must first (1) park and then (2) enter a zone number into the app to get a quote. And then pay. Because it is street parking, there are no reserved spaces, and an available parking space is not guaranteed. For this reason, the Terms expressly caution users to "only activate the Services after you have found an available and valid parking space." Because it would be dangerous for a driver to try to use the PBP App while driving, the Terms expressly warn users that "operating a cell phone or any other device while driving can be dangerous and we advise you not to use our Service while operating a vehicle."

But under Plaintiff's theory, a user would have to be using the PBP App prior to actually parking the car, ostensibly while driving it, in order to be "overcharged," in direct violation of the Terms and in a manner that is dangerous (not to mention illegal). Compl. ¶ 25. Under California law, it is illegal to hold and use a phone while driving, including texting, making calls or using apps. Cal. Vehicle Code § 23123.5. No wonder, perhaps, that Plaintiff alleges virtually no facts about his own use of the app, as would be necessary to show reliance, causation, and injury for any of his claims. The allegations of the complaint instead focus on how an "imagine[d]" person might use the app and understand the information it provides. An imagined person is not a reasonable consumer. In this case, the app provides clear direction on how to use it and the Terms also direct users to park first and to not use the app while driving. As such, Plaintiff has not plausibly alleged any of the elements of his claims.

Third, Plaintiff's individual claims fail for numerous reasons unique to specific legal theories. He has no standing to seek injunctive relief under California's Unfair Competition Law (UCL) because he does not allege the inadequacy of legal remedies or any risk of future harm. His tort and unjust enrichment claims are barred because his use of the app is governed by an express contract. And he cannot pursue a standalone "claim" for unjust enrichment in California.

Fourth, Plaintiff's class allegations are also properly dismissed because the Complaint

affirmatively demonstrates the proposed classes fail to satisfy the requirements of Rule 23 as a matter of law. No amount of discovery can change the fact that the Terms require (1) informal dispute resolution procedures; (2) arbitration on an individual, non-class basis; (3) users to park before using the app; and (4) users to not use their app while they are driving, including because it is not safe and it violates the law. Moreover, Plaintiff cannot represent individuals residing in other states under the laws of those other states. He pleads no grounds that would justify or warrant such an approach.

Plaintiff's claims are properly dismissed as a matter of law.

## II. SUMMARY OF ALLEGATIONS

### A. PayByPhone's Alleged Business Practices

As Plaintiff concedes, "[u]sing PayByPhone is straightforward." Compl. ¶ 15. The Complaint alleges a three-step process for purchasing a parking session in the PayByPhone app. First, the customer is directed to "enter the location number of *where you have parked*." *Id.* ¶ 15 Fig. 1, 21 (emphasis added). On the second screen, the customer inputs for how long they wish to park and presses a button saying, "Confirm Duration." *Id.* ¶ 22 & Fig. 2. On the third screen, the app provides a "Total" price and expiration time. *Id.* ¶ 23 & Fig. 3. It displays an expiration time based on the user's input: if the user requests 15 minutes at 3:52pm, the app responds by displaying how much the requested parking session will cost and when it will end: "Expires today, 4:07pm." *Id.* The customer's requested duration is listed immediately below, in smaller type: "Parking for 15 minutes." *Id.* If the customer clicks "pay," they receive a parking session that expires at 4:07pm.

Plaintiff's theory is that, despite the clear disclosure of expiration time, a reasonable consumer would instead believe that they are purchasing a session that expires "15 minutes" *after* they push the pay button. *Id.* ¶ 61. Allegedly, a reasonable consumer would interpret the statement that the session they are asked to confirm and pay for "Expires today, 4:07PM" as "simply" a "hypothetical or illustrative example based on the time the screen originally loaded," rather than a pellucid description of what they are buying. *Id.* ¶ 28.

/ / /

**B. PayByPhone's App & Website Terms and Conditions**

The Complaint expressly incorporates PayByPhone's website, which includes the terms and conditions for use of its parking services ("Terms"). E.g., Compl. ¶¶ 15-16. These Terms are also visible on the app and must be agreed to in order to use PayByPhone Services. Declaration of Nicholas Hamill ("Hamill Decl."), Ex. B (Dkt. 23). A user parks through the app, and the app is displayed in the pleading. Those Terms provide that "By creating your Account, accessing, browsing, viewing or otherwise using your Account or the Services, you agree to be legally bound by these Terms and Conditions . . . ." https://www.paybyphone.com/terms-conditions (last visited May 1, 2026); see also disc. infra.

**1. Consumers Agree to Informal Dispute Resolution & Individual Arbitration**

As discussed in PayByPhone's concurrently filed motion to compel arbitration, The Terms also provide specific dispute resolution procedures, including mandatory individual arbitration of any disputes that cannot be informally resolved:

> **13. Notice containing information about your right to dispute errors**
> In case of errors or questions about Transactions on your Account, contact the appropriate Customer Support Center listed at the end of these Terms and Conditions as soon as possible, including if you think the statement or receipt is wrong or if you need more information about a Transaction listed on the statement or receipt. . . .
>
> **14 Dispute resolution and confidential arbitration**
> Any dispute relating in any way to the services offered by PayByPhone not resolved in accordance with the preceding Section 13 shall be submitted to confidential arbitration in Vancouver, British Columbia . . .

*Id.* Plaintiff does not allege that he has followed the informal dispute resolution procedures, and in fact, he did not. Dkt. 23. And he plainly brought his claims in the wrong forum and is not permitted to bring any claims on a representative basis. *Id.*

**2. How The PBP App Actually Works & Additional, Relevant Terms**

Plaintiff has interjected how he believes the app works in the Complaint (Compl. ¶¶ 15, 22-24), but he omits key aspects of the process. First, the parking app applies to street parking, whereby the streets are divided into numbered zones (typically block by block). A consumer who is using the app must first enter the correct zone number in the app to get a quote. Second, because

it is street parking, there are no reserved spaces, and an available parking space is not guaranteed:




**2. Enter location number**

In the app, enter the location number of where you have parked, which you can find on parking signage.

For this reason, PayByPhone's instructions direct a consumer to ***already be parked*** prior to entering the zone and getting a quote. And the Terms expressly state:

> **Section 7 Failure to complete transactions**
> You understand that using the Services does not guarantee you a parking space and you only activate the Services after you have found an available and valid parking space. You understand that you are solely responsible for ensuring that you have properly started the Parking Session for the appropriate parking location before you leave your vehicle unattended;

This is not just for practical reasons, but also for safety. It would be fundamentally unsafe for consumers to try to identify and enter zone numbers and get quotes for parking while driving a vehicle, and also illegal. Thus, the Terms expressly direct users to not do that.

> **Section 18 Use of cell phones while driving can be dangerous**
> Please note that operating a cell phone or any other device while driving can be dangerous and we advise you not to use our Service while operating a vehicle.

**C. Plaintiff Justin Alicea**

Plaintiff does not allege whether he ever read any statements in the PBP App about when a parking session expires, or what he made of them. All that is alleged about his experience with the app is the following single paragraph:

> Plaintiff Justin Alicea is a natural person who resides in San Francisco, California. Mr. Alicea regularly uses PayByPhone to pay for street parking. However, until shortly before filing this complaint, Mr. Alicea was not aware that PayByPhone's app was designed to begin running his parking timer even before he had completed a transaction. On at least one occasion, Mr. Alicea has been shortchanged at least a minute for his parking reservations. As a result, Mr. Alicea received less time for

> his parking reservations than he paid for and expected to receive, suffering economic injury as a result. Had Defendants clearly disclosed that they would begin charging for parking time before payment was complete, Mr. Alicea would not have proceeded with the transaction or would have taken steps to avoid the charge, such as by paying at a physical parking meter or initiating the reservation and payment process only when he intended his timer to start.

*Id.* ¶ 6.

Plaintiff alleges that PayByPhone's process for setting the expiration time of its parking sessions somehow misrepresents its services. Compl. ¶ 26. But Plaintiff's theory of "economic injury" depends on consumers behaving recklessly and unreasonably and breaching the Terms by: (1) trying to identify and type a parking zone number into the PBP App *prior to parking* in the desired space; and (2) operating the app *while driving a vehicle*. Compl. at ¶ 6.

Based on this, Plaintiff purports to assert claims on behalf of Plaintiff and purported "California" class members under the California Consumer Legal Remedies Act ("CLRA"), the fraudulent, unfair, and unlawful prongs of the California Unfair Competition Law ("UCL"), and the California False Advertising Law ("FAL"). Compl. Counts I-III. Plaintiff also purports to assert common law claims for Fraud By Omission, Unjust Enrichment, Conversion, and Money Had and Received on behalf of Plaintiff and a purported nationwide class. *Id.*, Counts IX-XII. Finally, it alleges violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Massachusetts Consumer Protection Act, Washington Consumer Protection Act ("WCPA"), New Hampshire Consumer Protection Act, and Pennsylvania Deceptive and Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), on behalf of proposed "Florida," "Massachusetts," "Washington," "New Hampshire," and "Pennsylvania" class members, respectively. *Id.* at Counts IV-VIII.

## III. GOVERNING LEGAL STANDARDS

### A. Rule 12(b)(1)

A complaint must be dismissed under Rule 12(b)(1) if a plaintiff failed to bear his burden to allege on the face of the complaint facts sufficient to establish subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Where, as here a consumer

has agreed to informal dispute resolution procedures he has not followed as a condition precedent to initiating arbitration and also agreed to individually arbitrate any dispute not otherwise informally resolved, a complaint is properly dismissed for lack of subject matter jurisdiction. Dkt. 23.

**B. Rule 12(b)(6)**

A complaint must be dismissed under Rule 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). While the Court must accept specific allegations as true, it is not required to credit legal assertions, "[t]hreadbare recitals of the elements," "conclusory statements," "unwarranted deductions of fact, or unreasonable inferences." *Id.* Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

In ruling on a Rule 12(b)(6) motion, courts must accept as true only well-pled material facts, along with all reasonable inferences to be drawn therefrom, but courts need not accept as true conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'naked assertion[s]' devoid of 'further factual enhancement'"; and mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557.

In addition, the class allegations are also properly dismissed and/or subject to strike because the Complaint affirmatively demonstrates the proposed classes fail to satisfy the requirements of Rule 23 as a matter of law. *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1153 (N.D. Cal. 2010) (granting motion to strike class allegations without leave to amend); *Naiman v. Alle Processing Corp.,* 706 F. Supp. 3d 892, 901 (D. Ariz. 2020) (striking class allegations because given the undisputed facts, Rule 23 requirements cannot be satisfied).

**C. Rule 9(b)**

Because Plaintiff predicates his claims on an alleged unified course of fraudulent conduct, for any claim sounding in fraud, his allegations are subject to Rule 9(b)'s exacting requirements. This is true not only for common law fraud claims and claims under the "fraud" prong of the UCL, but also for claims asserted under the "unfair" prong that are predicated on alleged misrepresentations or omissions, *So v. HP, Inc.*, 2022 WL 16925965, *5 (N.D. Cal. Nov. 14, 2022), and misrepresentations under the CLRA that sound in fraud. *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009). The same is also true for the other statutory fraud claims. *See, e.g., Hawkins v. Shimano N. Am. Bicycle Inc.*, 729 F. Supp. 3d 989, 1013 (C.D. Cal. 2024) (FAL, FDUTPA and other statutory consumer fraud claims all "sound in fraud" and must comply with Rule 9(b)). As a result, Plaintiff must state *with particularity* the circumstances constituting fraud or mistake, including the "who, what, when, where, and how" of the misconduct alleged. *So*, 2022 WL 16925965 at *2; Fed R. Civ. P. 9(b).

## IV. ARGUMENT

**A. Plaintiff Failed to Follow Informal Dispute Procedures and is Required to Arbitrate Individually**

As shown in PayByPhone's concurrent Motion to Compel Arbitration, Plaintiff has breached the Terms both by failing to follow the informal dispute procedures and by filing this lawsuit. Plaintiff must arbitrate his claims individually and not in a representative capacity. This requires dismissal of his complaint in its entirety. Dkt. 23. Because all proposed class members agreed to these same Terms & Conditions, Plaintiff cannot assert claims on behalf of himself or anyone else in this forum. His Complaint is properly dismissed.

### B. Plaintiff's Claims Fail as a Matter of Law

Even if Plaintiff's claims were properly before this Court, though they are not, Plaintiff's own allegations show that the PayByPhone app clearly and accurately discloses what a user is purchasing. In addition, Plaintiff omits key facts about how the app works as well as Terms that would further foreclose his claims. Plaintiff does not allege any specific facts about how he himself used the app, probably because no reasonable consumer would use the app in the manner alleged and using it in that way not only would be unsafe and illegal it would violate the Terms. As a result, Plaintiff does not (and cannot) plausibly allege any of the elements of his claims and they fail as a matter of law.

#### 1. Screenshots in Complaint Show No Deception in PayByPhone App

Plaintiff's theory is that the PBP App's Pay screen somehow deceives customers about when the parking session they are purchasing expires. *E.g.,* Compl. ¶ 44. This theory, however, is refuted by the allegations of the Complaint itself and the screenshots portrayed therein. As is evident from the screenshots in the Complaint, the Pay screen states in large letters that when a person requests a quote for 15 minutes of parking at 3:52, the quoted parking session "Expires today, 4:07pm," *exactly 15 minutes later*. Compl. ¶¶ 22-24. No reasonable consumer would believe that, by pressing pay for 15 minutes of parking, they were purchasing a parking session that would provide more than 15 minutes of parking. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (statements about contents of honey product were not misleading as a matter of law considering "all the information [provided] to consumers and the context in which that information is provided and used"); *Baxter v. Intelius, Inc.*, 2010 WL 3791487, at *4 (C.D. Cal. Sept. 16, 2010) ("The disclosures combined with affirmative steps for acceptance are sufficient that, as a matter of law, the webpage is not deceptive.").

#### 2. Plaintiff Does Not and Cannot Plausibly Plead Cognizable Injury, Nor Fraud

Given the Complaint demonstrates that the PBP App gives consumers exactly what they pay for, Plaintiff lacks cognizable injury under any theory. All of Plaintiff's claims depend on the demonstrably false, nonactionable assertion that Defendants deceived reasonable consumers

because they allegedly charged for parking time that consumers did not receive. *See*, *e.g*., Compl. ¶ 45 (CLRA); ¶¶ 53-56 (UCL); ¶ 61(FAL); ¶ 78 (Fla. DUPTA); ¶ 86 (Mass. CPA); ¶ 101 (Wash. CPA); ¶ 112 (NH CPA); ¶ 124 (PA CPA); ¶ 133 (common law fraud); ¶ 141 (unjust enrichment); ¶ 147 (conversion); ¶ 155 (money had and received).

To state a claim for fraud, including under the "fraud" prong of the UCL and the other counts sounding in fraud (*i.e*., Counts I-IX), Plaintiff must first establish standing, which requires him to plead facts to established that the allegedly fraudulent conduct caused him to suffer legally cognizable injury. In the context of alleged misrepresentations and omissions, this means that Plaintiff must plead particularized facts establishing that he lost money or property in reliance on the alleged fraud. *See Sidhu v. Bayer Healthcare Pharmaceuticals, Inc*., 2022 WL 17170159, *4 (N.D. Cal. Nov. 22, 2022) (dismissing claims under UCL "fraud" and "unfair" prongs for failure to allege reliance on alleged omission); *Williamson v. Reinalt-Thomas Corp*., 2012 WL 1438812, at *10 (N.D. Cal. Apr. 25, 2012) ("actual and reasonable reliance" is required to establish standing under UCL in case involving alleged misrepresentation); *Backhaut* v. Apple, Inc., 74 F. Supp. 3d 1033, 1048 (N.D. Cal. 2014) (same as to CLRA claims); *In re Outlaw Lab'y, LLP*, 463 F. Supp. 3d 1068, 1086 (S.D. Cal. 2020) (same as to FAL claims).

Here not only does Plaintiff fail to allege cognizable injury, he fails to plead reliance or causation, falling well short of the exacting pleading standard of Rule 9(b). *See*, *e.g*., *So*, 2022 WL 16925965, *5; *Kearns,* 567 F.3d at 1125. He identifies no affirmative misrepresentations on which he purportedly relied. While he claims that the PBP App is somehow misleading (Compl. ¶ 25), his sole basis for this assertion is that (he contends) consumers may want to use the PBP App while driving and in a manner that violates the Terms. *Id.* at ¶ 25 ("There are many reasons why a consumer would be at this screen even if they have not yet parked their vehicle."). But that allegation cannot form the basis for a cognizable fraud claim: operating the app while driving is illegal, dangerous and violates the Terms. *People v. Porter*, 111 Cal. App. 5th 927, 933 (2025) (citing Cal. Vehicle Code § 23123.5); Terms, Hamill Decl., Ex. B at §§ 7, 18. Plaintiff does not (and cannot) identify an actionable affirmative misrepresentation or omission. When used lawfully

and in accordance with the Terms, the PBP App provides exactly what it promises to provide: the number of minutes requested and paid for.

A fraudulent concealment claim requires an affirmative act seeking "to suppress information in the public domain or obscure consumers' ability to [discover it.]" *See Gray v. Toyota Motor Sales*, U.S.A., 2012 WL 313703, at *10 (C.D. Cal. 2012). As discussed above, Plaintiff alleges nothing of the kind and the screenshots in the pleading make that abundantly clear. Those screenshots wholly undermine the notion that PayByPhone tried to hide the particulars of how the app works from consumers. And the idea that Plaintiff states a claim based on a belief that he was somehow entitled to "free parking" *after* his vehicle was parked in the parking space similarly fails as a matter of law. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162-63 (9th Cir. 2012) (dismissing claims that "def[y] common sense" by alleging that credit card rewards render failure to disclose an annual fee deceptive because the terms and conditions stated that the card included an annual fee); *Lavie v. Procter & Gamble Co*., 105 Cal. App. 4th 496, 507 (2003) ("[a] representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed."); *Moore*, 4 F.4th at 883-84 (deceptive advertising claims based on "unreasonable or fanciful" interpretations of statements).

**3. Plaintiff's "Unfair" and "Unlawful" UCL Claims Fail with His "Fraud" Claims**

Plaintiff's claim under the "unfair" prong of the UCL is based on precisely the same conduct as the "fraudulent" business practices claim (and other fraud claims). Namely, he alleges that PayByPhone violated the "unfair" prong by imposing charges "without full disclosure and completed assent." *Compare* Compl. ¶ 53 (unfair conduct) *with* ¶ 54 (fraudulent conduct). Because Plaintiff has not stated a claim for fraud, including under the "fraud" prong of the UCL, his "unfairness" claim must also be dismissed. *See Sidhu*, 2022 WL 17170159 at *4; *So*, 2022 WL 16925965 at *5; *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 637 (N.D. Cal. 2021). And because he has failed to plead a violation of the CLRA or FAL, his "unlawful" UCL claim also fails. Compl. ¶ 52.

### C. Additional Reasons Plaintiffs' UCL Claims Fail

#### 1. Plaintiff Lacks Standing to Pursue Injunctive Relief

Plaintiff lacks standing to pursue injunctive relief because he fails to show "a sufficient likelihood that [they] will again be wronged in a similar way" by PayByPhone absent injunctive relief. *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 906 (N.D. Cal. 2020) (quotation omitted). "A plaintiff must have standing for each remedy sought," *Yothers v. JFC Int'l, Inc.*, 2020 WL 5015262, at *5 (N.D. Cal. May 14, 2020), and plaintiffs seeking injunctive relief must show that "the threat of future injury is 'actual and imminent, not conjectural or hypothetical.'" *Bautista v. Valero Mktg. & Supply Co.*, 2018 WL 11356583, at *8 (N.D. Cal. Dec. 4, 2018). Mere allegations of possible future injury are insufficient. *Williams*, 449 F. Supp. 3d at 906. And "[i]n the class action context, a named plaintiff must show she is personally subject to a likelihood of future injury." *Bautista*, 2018 WL 11356583, at *8 (quotation omitted).

Here, the complaint makes "no allegations of a threat of future harm from misleading representations or advertising," so Plaintiff lacks standing for such injunctive relief. *Plotts v. Am. Honda Motor Co*., 2023 WL 4843342, at *4 (C.D. Cal. June 9, 2023).

#### 2. Plaintiff Does Not (and Cannot) Plead Lack of an Adequate Remedy at Law

"Remedies under the UCL are equitable in nature[,] and legal [money] damages cannot be recovered." *May v. Google LLC*, 2024 WL 4681604 at *11 (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003)). In federal court, to obtain equitable relief under the UCL, Plaintiffs must plead that they lack an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). A strategic decision to forego claims asserting legal damages does not establish the lack of an adequate remedy at law. *Id.* (dismissing UCL claim where plaintiffs dismissed damages claims on the eve of trial). Here, Plaintiff's UCL claim does not allege, even in a conclusory fashion, that his legal remedies are inadequate. His UCL claims are properly dismissed.

### D. Plaintiff's Conversion, Unjust Enrichment, and Payment Had and Received Claims (Counts X-XII) are Barred by the Parties' Contract

Because Plaintff's Complaint alleges a contract governing his use of the PBP App, his

tagalong tort and equitable claims are barred. No claim for unjust enrichment, conversion, or money had and received lies where, as here, the parties' relationship is governed by contract. *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 2007) (an action for unjust enrichment "does not lie when an enforceable, binding agreement exists defining the rights of the parties"); *Wynne Sys., Inc. v. Mobile Storage Grp., Inc.*, 2010 WL 11595726, *7 (C.D. Cal. May 5, 2010) (rejecting conversion claim because "courts turn to the economic loss rule to bar conversion claims that are based solely on breaches of contractual duties"); *Rhodeman v. Ocwen Loan Servicing, LLC*, 2020 WL 4727289, at *5 (C.D. Cal. July 30, 2020) ( "Plaintiff cannot pursue both a breach of contract theory and a money had and received theory where her allegations fail to establish a 'total failure of consideration.'"). "While generally parties are permitted to plead in the alternative, the allegation of binding contracts nullifies the unjust enrichment claim." *Klein v. Chevron U.S.A.*, Inc., 202 Cal. App. 4th 1342, 1388 (2012) (quotation omitted) (quoting and affirming trial court dismissal); *see also Chong*, 2020 WL 5847626, at *4 (dismissing unjust enrichment claim against university). The same is true for conversion and money had and received claims. *Advanced Riggers & Millwrights, LLC v. Hoist Liftruck MFG, Inc.*, 2015 WL 12860470, at *7 (C.D. Cal. Oct. 29, 2015); *Rhodeman, 2020 WL 4727289*, at *5.

Further, Plaintiff's "unjust enrichment" claim must also be dismissed because "unjust enrichment" is not an independent cause of action under California law. *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018) ("Unjust enrichment is not a cause of action."); *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010) (same); *Jogani v. Superior Ct.*, 165 Cal. App. 4th 901, 911 (2008) (same); *see Sotelo v. Rawlings Sporting Goods Co.*, 2019 WL 4392528, at *8 (C.D. Cal. May 8, 2019) (dismissing unjust enrichment claim "under California law . . . because it cannot serve as a standalone claim for relief"); *Freedline v. O Organics LLC*, 2020 WL 1643697, at *4 (N.D. Cal. Mar. 31, 2020) (same).

### E. The Class Allegations and Claims Asserted Under the Laws of Other States Also Must Be Dismissed

Plaintiff's class allegations are also properly dismissed because the Complaint affirmatively demonstrates the proposed classes fail to satisfy the requirements of Rule 23 as a matter of law.

*See Stearns*, 763 F. Supp. 2d at 1153; *Naiman,* 706 F. Supp. 3d at 901. No amount of discovery can change the fact that the Terms require each user to: (1) utilize the prescribed informal dispute resolution procedures; (2) arbitrate any remaining dispute on an individual, non-class basis; (3) park before using the app; and (4) not use their app while they are driving, including because it is not safe and it violates the law. Terms, Hamill Decl., Ex. B at §§ 7, 13-14, 18. No member of Plaintiff's proposed classes is properly before this Court, including Plaintiff himself. Dkt. 23.

In addition, Plaintiff's idiosyncratic (read: dangerous) manner of using the app while driving around looking for street parking not only violates the Terms, it creates hazard on San Francisco streets and is illegal under California law, rendering him inadequate and atypical. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (plaintiffs with unusual or implausible experiences with defendant's purported fraud properly rejected as atypical); *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 176 (S.D. N.Y. 2008) (courts evaluating adequacy must ask whether proposed representative "is of sufficient moral character to represent a class[,]" including the representative's character for "honesty and trustworthiness").

Moreover, Plaintiff cannot represent individuals residing in other states under the laws of those other states. *Schmitt v. Younique LLC*, 2017 WL 10574060, at *4 (C.D. Cal. Dec. 4, 2017) ("In order to satisfy the constitutional requirement of Article III standing for each claim asserted, Plaintiffs must allege that they made a purchase or were injured in a particular state in order to bring a claim under that state's laws.") (*citing United Food & Com. Workers Loc. 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1078 (N.D. Cal. 2014) (collecting cases)). He pleads no grounds that would justify or warrant such an approach. Given Plaintiff fails to satisfy Rule 9(b) as to the common law and California claims sounding in fraud, he certainly does not meet the pleading standards of the statutory fraud claims in the other states. *See, e.g., Davidson v. Apple, Inc.,* 2017 WL 976048, at *10 (N.D. Cal. Mar. 14, 2017) (dismissing FDUTPA, WCFA, and comparable claims for several other states for failure to satisfy Rule 9(b)). The statutory fraud claims asserted on behalf of residents of other states are properly dismissed. *In re Flash Memory Antitrust Litig.*, 643 F. Supp.

2d 1133, 1164 (N.D. Cal. 2009) ("Where, as here, a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.").

## V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is properly dismissed in its entirety.

Dated: May 8, 2026

**KING & SPALDING LLP**

By: */s/ Livia M. Kiser*
LIVIA M. KISER
*Attorneys for Defendants*
*PayByPhone US Inc. & PayByPhone Technologies Inc.*